■ CHURCH OF THE ASCENSION et al., Appellants, v NEW YORK STATE RACING AND WAGERING BOARD et al., Respondents.—Judgment, Supreme Court, New York County, entered March 30, 1976, dismissing petitioners' application to amend a determination made by respondent New York State Racing and Wagering Board (Wagering Board) reversed, on the law, without costs, judgment vacated, and the petition granted to the extent of annulling the Wagering Board's vacatur of a prior order of the New York State Bingo Control Commission (Bingo Commission) granting petitioners leave to file a notice of appeal *nunc pro tunc.* We agree with the concurring opinion of Judge Herlihy in *Ball v State of New York* (52 AD2d 47) that enactment of the 1975–1976 State budget bill (L 1975, ch 50) did not abolish the Bingo Commission, nor did it transfer to the Wagering Board the powers and functions of said commission. Accordingly, the Wagering Board lacked jurisdiction to vacate the order of the Bingo Commission which had granted petitioners leave to file a notice of appeal, *nunc pro tunc,* from a decision by respondent Department of Consumer Affairs granting the application of respondent Belfran Industries for a commercial lessor's license. We hasten, however, to parenthetically note that neither the propriety of the Bingo Commission's order, nor the correctness of the decision of the Department of Consumer Affairs sought to be reviewed, are currently before us and we do not reach the merits of either aspect of the proceedings below on this appeal. Lastly, in view of the vicissitudes encountered by Belfran, the substantial sum it allegedly expended in altering its premises for the operation of a bingo hall and the fact that the Department of Consumer Affairs issued its license to Belfran over a year ago in reliance on the Wagering Board's annullment of the Bingo Commission's stay, we believe

the interests of justice and equity would be served by maintaining the *status quo* pending the determination of petitioners' appeal by the Bingo Commission. Concur—Markewich, J. P., Murphy and Capozzoli, JJ.; Birns and Nunez, JJ., dissent in the following memorandum: In our view, equity and justice require affirmance of the judgment appealed from. Belfran Industries followed the required procedure, obtained the necessary permits and invested large sums of money relying upon the license issued by the proper governmental agencies. A hearing was held at which appellants had an opportunity to be heard in opposition. They did not appear thereat. Long after their time to appeal had expired they sought permission to file a notice of appeal *nunc pro tunc.* Mr. Justice Rosenberg at Special Term properly dismissed the application for stated reasons with which we agree.